**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

**RIMA JONES**                                                                                                    **PLAINTIFF**

**v.**                                         **CIVIL ACTION NO. 3:22-CV-97-GNS**

**ECMC (FED. STUDENT AID)**                                                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This is a *pro se* civil action initiated by Plaintiff Rima Jones. Upon review of Plaintiff's application to proceed without prepayment of fees, the Court finds that she makes the financial showing required by 28 U.S.C. § 1915(a). Accordingly, **IT IS ORDERED** that the application (DN 3) is **GRANTED**.

### I.

Plaintiff initiated this action by filing a complaint on her own paper (DN 1) and an amended complaint on a Court-supplied form (DN 6). In the amended complaint, Plaintiff identifies the Defendant as "ECMC (Fed. Student Aid)" of St. Paul, Minnesota.[1] She indicates that the basis for this Court's jurisdiction is a federal question and identifies the federal statute at issue as ".015 Implementation plans for Federal Civil Rights Act, Title VI." In the "Statement of Claim" section of the complaint form, Plaintiff states, "ECMC (Federal Student Aid) doesn't comply with applicable Federal Civil Rights laws and does discriminate on the basis of disability. Does exclude people or treat them differently because of disability." In the "Relief" section of the complaint form, Plaintiff writes, "Reinstating my financial privilege so I can go back to school and finish my education. Suing for amount of $75,000."

---

[1] Although the Court did not direct service on Defendant, counsel for "Educational Credit Management Corporation" filed an answer on Defendant's behalf.

## II.

Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, "a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (citations and internal quotation marks omitted). Conclusory allegations or bare legal conclusions will not suffice as factual allegations. *Followell v. Mills*, 317 F. App'x 501, 505 (6th Cir. 2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), the duty "does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979). Additionally, this Court is not required to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To do so would require the "courts to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

In the instant case, Plaintiff fails to provide sufficient details to put Defendant on notice as to any claim(s) against it, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512(2002) (indicating that the short and plain statement of claim must "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests'") (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957), *abrogated on other grounds by Twombly*), and the complaint is simply too vague for the Court to discern a cause of action under any legal theory.

Additionally, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974)). The allegations in Plaintiff's complaint meet this standard as well. The instant action, therefore, will also be dismissed for lack of subject-matter jurisdiction.

### III.

The Court will enter a separate Order dismissing the action for the reasons stated herein.

Date:   April 6, 2022

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Counsel of Record
4416.011